# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANIEL K. CHILES,

    Plaintiff,

v.                                                          Case No: 8:13-cv-2827-T-30TBM

SYMON SAYS ENTERPRISES, INC.,

    Defendant.

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Counts IV and V of the Complaint (Dkt. #5) and Plaintiff's Response in Opposition to the Motion (Dkt. #7). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

Plaintiff is a former employee of Defendant and alleges violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), the Florida Civil Rights Act, § 760 *et seq.* ("FCRA"), the Family Medical and Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and also alleges the tort of intentional infliction of emotional distress ("IIED"). Plaintiff is infected with the HIV virus. Plaintiff's allegations are that his supervisors commented that they did not want other employees exposed to an incurable disease, that they dramatically reduced his hours once they learned of his condition, and that he was ultimately fired after one medical absence on the basis of his HIV status.

**I.   Motion to Dismiss Standard**

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**II.   Intentional Infliction of Emotional Distress (Count IV)**

In Count IV, Plaintiff attempts to state a claim for intentional infliction of emotional distress ("IIED"). In support, Plaintiff states that:

> Defendant's conduct toward Plaintiff Daniel K. Chiles was intentional or reckless. Defendant's agents intended its behavior when they knew or should have known that emotional distress would likely result … [t]he conduct in fact caused emotional distress and the emotional distress was severe.

Florida recognizes an independent cause of action for IIED. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). In order to state a cause of action

2

for IIED, the plaintiff must demonstrate that: 1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Florida courts have defined "outrageous" to mean "conduct … so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. at 412-413.

Whether the actor's conduct is outrageous and utterly intolerable in a civilized community, and thus may form the basis for a claim for intentional infliction of emotional distress, is a matter of law for the court. *Id.* Plaintiff has failed to allege that Defendant's conduct was outrageous, and further, has failed to identify any conduct of the Defendant's that could be considered outrageous or beyond bounds of decency or utterly intolerable.

Even when read in the light most favorable to Plaintiff, the conduct alleged is not sufficient to state a cause of action for IIED. Florida courts have consistently dismissed cases alleging discriminatory and offensive behavior and language against individuals, particularly in the workplace. *See e.g. Ponton v. Scarfone*, 468 So. 2d 1009 (Fla. 2nd DCA 1985) (utterances designed to induce employee to join in a sexual liaison did not meet the threshold required to establish intentional infliction of emotional distress). *See also Hare v. Citrus World, Inc*., 39 F. Supp. 2d 1365, 1369 (M.D. Fla. 1999) ("precedent on the tort of intentional infliction of emotional distress, especially within the employment context, reveals an unwillingness by Florida courts to allow a plaintiff to proceed on this theory"); *Lay v. Roux Laboratories, Inc*., 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (affirming dismissal of the plaintiff's complaint alleging that plaintiff's supervisor threatened the

3

plaintiff with her job, used humiliating language and verbal attacks, and called the plaintiff a "n**ger"); *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1373 (M.D. Fla. 1999) (dismissing IIED claim when plaintiff alleged her employment was conditioned upon her submission and acquiescence to the manager's sexual advances, vulgar language and comments, and physical contact with breasts and between manager's genitalia and plaintiff's posterior).

In cases where Florida courts have permitted a plaintiff to move forward with an IIED claim, they often involve threats of death, rape, or severe bodily harm to the plaintiff or family members. *See Johnson v. Thigpen*, 788 So. 2d at 413; *Nims v. Harrison*, 768 So. 2d 1198 (Fla. 1st DCA 2000) (finding sufficient outrageousness to state an IIED claim where the allegations involved death threats and threats to rape the plaintiff's children and other family relatives). Therefore, the Court concludes that Plaintiff fails to state a cause of action for IIED.

### III. Violation of the FMLA (Count V)

In regard to his claim of Defendant's violation of the FMLA in Count V, Plaintiff states the following:

> […]Plaintiff Daniel K. Chiles alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of his disability or disabilities; and said actions violate the provisions of the Family and Medical Leave Act of 1993 […]

Plaintiff did not allege that he was entitled to any benefit under the FMLA as an eligible employee, that he requested FMLA benefits or that the benefit was denied. It appears that Plaintiff is attempting to assert a claim for FMLA interference or retaliation. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th

Cir. 2001) ("the FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights … and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act"). To the extent that Plaintiff is attempting to allege any claim under the FMLA, he has failed to allege sufficient facts to support such a claim.  Therefore, the Court concludes that this count should be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Counts IV and V of the complaint (Dkt. #5) is GRANTED.

2. Counts IV and V of the complaint are dismissed without prejudice.

3. Plaintiff may file an Amended Complaint to more sufficiently state a claim under Counts IV and V of the Complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2827 mtd 5.docx